UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL A. SHIRLEY, JR.,

    Petitioner,

        v.                                  CAUSE NO. 3:21-CV-585-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Michael A. Shirley, Jr., a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-4-93) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a weapon in violation of Indiana Department of Correction Offense 106. Following a hearing, he was sanctioned with the loss of one year of earned credit time and two demotions in credit class.

Shirley argues that he is entitled to habeas relief because the administrative record contained a contradiction as to the cell where the weapon was found.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which a correctional officer represents he found a sock with batteries inside after searching Shirley's property. ECF 10-2. The administrative record also included a photograph of the sock containing batteries. ECF 10-2. The conduct report and the photograph constitute some evidence that Shirley possessed a weapon. To Shirley's point, the administrative record repeatedly refers to the location where the weapon was found as "G238" but refers to the location as "I238" on a single occasion. While this discrepancy arguably undermines the identification of the property as belonging to Shirley, the hearing officer remained entitled to credit the correctional officer who issued the conduct report. Further, this claim is procedurally defaulted because Shirley did not raise this claim on administrative appeal. *See Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002) ("Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies."). Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Shirley argues that he is entitled to habeas relief because the hearing officer did not allow him to present his work supervisor as a character witness and did not consider his housing history, disciplinary history, or work history. "[T]he inmate facing

disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* According to the hearing report, the hearing officer denied the request for a witness statement from Shirley's supervisor because the supervisor had no personal knowledge of the incident. ECF 10-5. Further, it is unclear how Shirley's housing records, disciplinary records, or work records could demonstrate that he did not possess the weapon as described in the conduct report. Because the requested evidence was not relevant to the disciplinary charge, this argument is not a basis for habeas relief.

Shirley argues that he is entitled to habeas relief because he received notice of the conduct report twenty-two days after the correctional officer prepared it and because he was denied the opportunity to sign a confiscation form. While the right to procedural due process affords prisoners certain enumerated rights for disciplinary proceedings, the right to be notified of the conduct report within a certain time after it has been prepared and the right to sign a confiscation form are not included among them. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by *Wolff*). Further, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271

3

F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, these claims are not a basis for habeas relief.

In sum, Shirley has not demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If Shirley wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Michael A. Shirley, Jr., leave to proceed in forma pauperis on appeal.

SO ORDERED on December 13, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT